# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| JALIN REALTY CAPITAL ADVISORS, LLC | Civil No. 11-0165 (JRT/LIB) |
| Plaintiff, | |
| v. | |
| A BETTER WIRELESS, NISP, LLC, | **MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS** |
| Defendant/Counterclaim Plaintiff, | |
| v. | |
| RHYTHM STONE MEDIA GROUP, LLC, d/b/a Jalin Realty Capital Advisors, LLC., | |
| Counterclaim Defendant. | |

Andrew Ndubisi Ucheomumu, **LAW OFFICES OF ANDREW NDUBISI UCHEOMUMU**, 4938 Hampden Lane, Suite 133, Bethesda, MD 20814; and Kristi A. Hastings, **PEMBERTON SORLIE RUFER & KERSHNER**, P.O. Box 866, Fergus Falls, MN 56538, for plaintiff and counterclaim defendant.

Michael M. Lafeber and Erin O Dungan, **BRIGGS & MORGAN, PA**, 80 South 8th Street, Suite 2200, Minneapolis, Minnesota 55402, for defendant and counterclaim plaintiff.

Jalin Realty Capital Advisors, LLC ("Jalin") agreed to provide a business loan to A Better Wireless, NISP, LLC ("ABW"), and ABW agreed to pay a "Commitment Fee" of $37,500 for "processing, underwriting and due diligence." After ABW paid the fee, Jalin did not provide the loan, and refused to refund the Commitment Fee. On the internet, ABW advised other companies about what it perceived as Jalin's nefarious

business practices.  These postings are the basis of Jalin's defamation suit against ABW.[1]

ABW brought counterclaims against "Rhythm Stone Media Group, LLC ("Rhythm"),

d/b/a Jalin Realty Capital Advisors" alleging breach of contract, fraud, RICO violations,

conversion, and unjust enrichment.  Jalin now seeks to dismiss ABW's counterclaims.

Jalin's motion will be denied because (1) Jalin waived its contractual forum-selection

right by filing suit in Minnesota, (2) the contract containing the forum selection clause is

unenforceable because it is "tainted by fraud," and (3) Jalin cannot object to the Court's

exercise of personal jurisdiction because Jalin admits that Rhythm is the real party in

interest.

## BACKGROUND

### A.    The Parties

ABW is a Minnesota corporation with a mission to bring low cost broadband to

rural Minnesota.  (Def.'s First Am. Answer, Affirmative Defenses, and Counterclaims, at

13, Apr. 8, 2011, Docket No. 8 ("Am. Answer").)  Jalin holds itself out as a "boutique

hard money lender for commercial Real Estate."  (*Id.*; *see also* www.jalinrca.com.)  Jalin

Realty Capital Advisors, LLC was a registered trade name of Rhythm Stone Media

Group LLC, an Ohio Corporation.  (Decl. of Kathryn M. McDonald, Ex. A, June 17,

2011, Docket No. 29.)  The trade name was cancelled on April 5, 2011.  (*Id.*)  ABW

alleges that Jalin's address, as listed with the Ohio Secretary of State and on Jalin's

---

[1] Jalin also brought claims for cybersquatting, trademark and trade dress infringement, deceptive trade practices, and intentional interference with economic relations, among other claims.

website, has been abandoned and that its telephone numbers have been disconnected. (Am. Answer at 15.)  For its part, Jalin alleges that it was incorporated on September 18, 2009 as "Jalin Realty Capital Advisors, LLC," under Ohio registration No. 1884171. Jalin also alleges that it uses the trade name of JCRA.  (Compl. ¶¶ 13, 15, Jan. 1, 2011, Docket No. 1.)  Jalin's counsel conceded at oral argument that Jalin is merely a trade name registered by Rhythm.  Rhythm has been dissolved, and its owner, Anthony Byrd, has filed for bankruptcy in the Southern District of Ohio.

**B.    ABW's Business Dealings with Jalin**

ABW contacted Jalin to obtain business financing and ultimately entered into a Loan Commitment Agreement with Jalin on or about July 29, 2010.   Under the Agreement, Jalin agreed to provide financing to ABW and to manage all aspects of bringing in co-lenders to facilitate the loan.  (Am. Answer at 14; Mot. to Dismiss, Ex. A, May 31, 2011, Docket No. 20 ("Loan Agreement").)  The agreement required ABW to pay a $37,500 "Commitment Fee" for the purpose of "processing, underwriting, and due diligence."  (Loan Agreement at 2.)  Under the agreement ABW was entitled to a refund of the Commitment Fee if Jalin failed to fund the loan.  (*Id.* at 3, 5; Am. Answer at 14.)

ABW alleges that the agreement was fraudulent because Jalin had neither the intent nor the means to abide by the agreement.  (Am. Answer at 14-15.)  ABW also alleges that Jalin failed to refund any portion of the Commitment Fee despite ABW's multiple requests that it do so.  (*Id.*)  ABW further contends that "Jalin" has engaged in this scheme to defraud in the past and that "Jalin's" agents or representatives are

currently doing the same thing, operating in Pittsburgh under the name of "American Capital Holdings LLC." (*Id.*)

Jalin alleges that ABW engaged in a campaign to discredit Jalin and hurt its business by registering the domain name JRCA.info, and displaying on the webpage defamatory statements about Jalin. (Compl. ¶¶ 36-37.) ABW denies that it engaged in "malicious, defamatory, misleading or confusing activity," but not that it registered the JCRA domain name. (Am. Answer ¶¶ 27-28.) ABW argues in its brief that it warned or advised other businesses of its experience with Jalin and what it perceived to be Jalin's fraudulent business practices.

**C.    Contractual Provisions**

The Loan Commitment Agreement contained a forum selection provision stating that "all litigation and claims between the parties . . . shall be instituted solely in the [Superior Court of Ohio, Montgomery County], or the United States District Court for the district of Ohio." (Loan Agreement at 6.) Subsequent to entering the Loan Commitment Agreement, ABW also executed a "Non-Circumvention / Non-disclosure" Agreement with an effective date of August 9, 2010. (Ex. B, May 31, 2011, Docket No. 20.) While Jalin claims that it executed the agreement, the sole copy in the record is executed by ABW only. The document contains an arbitration provision that states: "[i]n the event if [sic] any dispute as to meaning or enforcement of this Agreement, parties are to submit the matter to binding arbitration." (*Id.* at 2.)

**D.      The Present Litigation**

Jalin sued ABW in the District of Minnesota following ABW's alleged defamatory internet postings about Jalin.   Jalin's complaint asserts claims of cybersquatting, trademark and trade dress infringement, deceptive trade practices, and defamation.   ABW denied all of Jalin's claims and asserted counterclaims of breach of contract, misrepresentation and fraud, RICO violations, conversion, and unjust enrichment.

Jalin's motion seeks to dismiss ABW's counterclaims on the grounds that (1) the forum selection clause in the Loan Commitment Agreement mandates dismissal for improper venue, (2) the arbitration clause in the Non-Circumvention / Non-disclosure Agreement mandates either dismissal or an order compelling arbitration, (3) ABW's counterclaims do not arise from the same common nucleus of operative facts as Jalin's claims, (4) ABW's counterclaims violate Rule 13(a)(1) by adding Rhythm as a defendant, (5) the Court should exercise its discretion to transfer venue under 28 U.S.C. § 1404(a), (6) the Court lacks personal jurisdiction over Rhythm, and (7) ABW's fraud counterclaim does not comply with Federal Rule of Civil Procedure 9, and its RICO counterclaim offends Federal Rule of Civil Procedure 12(b)(6).

## ANALYSIS

Jalin's theories of dismissal are variously opaque and patently without merit.  Jalin appears to move for dismissal under Rule 12(b)(3) for improper venue, and 12(b)(2) for lack of personal jurisdiction.  Jalin also asks the Court for an order compelling arbitration

pursuant to the Non-Circumvention / Non-Disclosure Agreement. Finally, Jalin's argument as to ABW's RICO claim appears to be a request to dismiss for failure to state a claim under Rule 12(b)(6). The Court addresses each basis for dismissal in turn, and concludes that each request should be denied.

## I.  STANDARDS OF REVIEW

### A.    Motion to Dismiss for Improper Venue

When reviewing a Rule 12(b)(3) motion to dismiss for improper venue , the Court views all facts in the light most favorable to the non-moving party. *Safco Prods. Co. v. WelCom Prods., Inc.*, 730 F. Supp. 2d 959, 963 (D. Minn. 2010). The movant, here Jalin, has the burden of establishing that venue is improper. *Id.*

### B.    Motion to Dismiss for Lack of Personal Jurisdiction

While the plaintiff has the ultimate burden of proving personal jurisdiction, the party opposing a 12(b)(2) motion can defeat it by making a *prima facie* showing of jurisdiction. *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387 (8th Cir. 1991). The Court may consider matters outside the pleadings and must construe the facts in the light most favorable to the non-moving party. *Id.*

### C.    Motion to Dismiss for Failure to State a Claim

A claim need not contain "detailed factual allegations" to survive a Rule 12(b)(6) motion to dismiss, but the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007).   To cross the line from possibility into plausibility, the complaint must plead facts that are more than "merely consistent" with the defendant's liability.   *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).   Again, the facts are construed in the light most favorable to the nonmoving party.   *Carton v. Gen. Motors Acceptance Corp.*, 611 F.3d 451, 454 (8th Cir. 2010).

## II.    MOTION TO DISMISS FOR IMPROPER VENUE

Jalin asserts that venue is improper in Minnesota because the Loan Commitment Agreement's forum selection clause provides for venue in Ohio.  Jalin largely rests on the presumption of validity and enforceability of forum selection clauses, though it argues that a discretionary venue transfer is also proper under 28 U.S.C. § 1404(a).  The Court will deny the motion to transfer venue because Jalin waived its right to transfer venue by choosing to commence the action in the District of Minnesota, and because discretionary transfer of venue is inappropriate.

Jalin's 12(b)(3) motion must fail.  Jalin waived its right to transfer venue by commencing its suit in the District of Minnesota.  "Under the rule announced in *General Elec. Co. v. Marvel Rare Metals* . . . a plaintiff waives venue privileges with respect to any counterclaim, either permissive or compulsory, when he commences an action in a forum where venue otherwise would not lie."  *Exchange Nat'l Bank of Chicago v. Abramson*, 45 F.R.D. 97, 105-06 (D. Minn. 1968) (citing *General Elec.*, 287 U.S. 430 (1932).)   Jalin filed suit in Minnesota, and therefore waived its right to claim that Minnesota is not the proper venue for ABW's counterclaims.

Moreover, the Court will not exercise its discretion to transfer venue to Ohio. The Court may grant a motion to transfer venue for "the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). While the presence of a forum selection clause may be important to the court's decision to transfer venue, it is not dispositive where fraud has been colorably alleged.[2] Here, the 1404(a) factors do not favor transferring venue to Ohio. ABW is a Minnesota business. Jalin was but a trade name registered by Rhythm, an entity since dissolved and whose owner is in bankruptcy proceedings in Ohio. Jalin filed suit in Minnesota, and the parties have completed the Rule 26(f) process and conducted a Rule 16 conference in this district. Jalin's arguments for transferring venue to Ohio revolve largely around the forum selection clause, which the Court finds to be invalid for purposes of this motion. The interests of justice are not

---

[2] True, the presence of a forum selection clause may be "a significant factor" in the district court's calculus as to whether to transfer venue. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Knutson v. Rexair, Inc.*, 749 F. Supp. 214, 217-18 (D. Minn. 1990). Moreover, forum selection clauses are generally *prima facie* valid and enforceable. *M.B. Rests., Inc. v. CKE Rests., Inc.* 183 F.3d 750, 752 (8th Cir. 1999) (noting limited exceptions). But an exception to this general rule applies here: courts will not enforce a forum selection clause if the contract of which it is a part is "tainted by fraud." *Farmland Indus., Inc. v. Frazier-Parrott Commodities, Inc.*, 806 F.2d 848, 851-52 (8th Cir. 1986), *abrogated on other grounds by*, *Lauro Lines S.R.L. v. Chasser*, 490 U.S. 495 (1989). Where a party alleges fraudulent acts that, if proven, would be sufficient to vitiate the entire contract, the forum selection clause of that contract is unenforceable. *See id.* at 851

Taking non-movant ABW's allegations as true – that is, assuming Jalin to have refused to refund any portion of the Commitment Fee as provided in the Loan Commitment Agreement, to have cancelled its trade name designation and vacated its offices in Ohio, and to have made no effort to abide by the Loan Agreement – ABW alleges facts that, if proven, may be sufficient to vitiate the Loan Agreement. Therefore, the Court will treat the forum selection clause as invalid for purposes of this motion.

served by allowing Jalin to transfer venue on account of its artful pleading, which appears simply to have omitted the real party in interest.

In sum, the Court denies Jalin's motion to transfer venue because it chose to file suit in this district.  *General Electric*, *Exchange National Bank*, and common sense dictate that Jalin cannot now complain that ABW's counterclaims belong in Ohio. Discretionary transfer of venue is also inappropriate.  Jalin's motion to dismiss ABW's counterclaims for improper venue will be denied.

## III.    MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Jalin argues that ABW's counterclaims must also be dismissed because ABW's Answer purports to add Rhythm – a distinct corporate entity – as a defendant, and the counterclaim alleges no facts to support a reasonable inference that Rhythm is subject to personal jurisdiction in Minnesota.

No personal jurisdiction issue exists.  Jalin's counsel conceded at oral argument that Jalin is merely a trade name registered by Rhythm.  ABW has therefore not added another defendant, but rather corrected Jalin's failure to note the real party in interest in its complaint.  Jalin's 12(b)(1) motion is therefore without merit and will be denied.  *See* 6 Charles Alan Wright et al., Federal Practice and Procedure § 1424 (3d ed. 2011) (stating that a counterclaim is not equivalent to bringing an original action such that the court's personal jurisdiction and venue need not be reestablished).

The Court reminds Jalin's counsel of Federal Rule of Civil Procedure 11(b)(2)'s requirement that all factual representations to the court "have evidentiary support," and

that all legal contentions be "warranted by existing law."  Fed. R. Civ. P. 11(b)(2).

Rooting a motion to dismiss for lack of personal jurisdiction in facts that counsel

conceded at oral argument to be false – namely that Rhythm and Jalin are distinct

corporate entities – is not acceptable under Rule 11.

## IV.    JALIN'S REQUEST FOR ARBITRATION

Jalin argues in the alternative that the Court should issue an order compelling

arbitration per the Non-Circumvention / Non-disclosure Agreement.  The Court will deny

Jalin's request because the arbitration clause is inapplicable on its face and unenforceable

for a number of reasons.  First, the only copy before the Court does not reflect Jalin's

assent to the agreement: it is signed only by ABW.  Second, by its terms the provision

only calls for arbitration "[i]n the event [o]f any dispute as to the meaning or enforcement

of" the Non-Circumvention / Non-disclosure Agreement, and Jalin alleges no breach or

dispute about the Agreement.  Third, Jalin waived its right to rely on the arbitration

clause by commencing this action.

Even if the Agreement were executed by both parties – as Jalin claims – and

somehow applicable per its terms, Jalin waived its right to rely on the agreement when it

commenced this litigation.  A party waives its right to arbitration if it "(1) knew of an

existing right to arbitration; (2) acted inconsistently with that right; and (3) prejudiced the

other party by these inconsistent acts."  *Ritzel Commc'ns, Inc. v. Mid-Am. Cellular Tel.

Co.*, 989 F.2d 966, 969 (8th Cir. 1993).  A party acts inconsistently with its right if it

"substantially invoked the litigation machinery" before asserting its arbitration right.  *Id.*

at 969.  Jalin filed suit in federal court; a clearer invocation of the litigation machinery is difficult to imagine.  Moreover, ABW has experienced prejudice in the form of incurring significant legal fees in defending the action.  The Court will not issue an order compelling arbitration.

## V.    ABW'S FRAUD AND RICO CLAIMS

Jalin argues that ABW's RICO claim (Count III) must be dismissed because (1) it fails to allege the requisite pattern of racketeering activity, (2) ABW's allegations are conclusory as to Jalin and non-existent as to Rhythm, and (3) the complaint does not name a separate person and enterprise as required for each RICO count.  Jalin cites no authority and offers no legal argument for these contentions.  Jalin also argues in one sentence that the fraud claim (Count II) should be dismissed "for failure to meet the particularity requirement of Rule 9(b)."  (Pls.' Br. at 16, May 31, 2011, Docket No. 19.) The basis of Jalin's motion regarding ABW's RICO and fraud counterclaims would appear to be a motion to dismiss for failure to state a claim per Federal Rule of Civil Procedure 12(b)(6).[3]  The motion will be denied.

### A.    ABW's Fraud Claim

Federal Rule of Civil Procedure 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  To satisfy the rule, a plaintiff must plead "such matters as the time, place and contents of

---

[3] ABW responds only that it intends to seek leave to amend in order to name Jalin's principals personally.

false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Abels v. Farmers Commodities Corp.,* 259 F.3d 910, 920 (8th Cir. 2001) (internal quotation marks omitted).  Plaintiff "must typically identify the who, what, where, when, and how of the alleged fraud." *BJC Health Sys. v. Columbia Cas. Co.,* 478 F.3d 908, 917 (8th Cir. 2007) (internal quotation marks omitted). The purpose of the particularity requirement is to allow defendants to respond specifically and quickly to damaging fraud allegations.  *United States ex rel. Costner v. United States,* 317 F.3d 883, 888 (8th Cir. 2003) (citation omitted).

Count II of ABW's counterclaims, alleging misrepresentation and fraud, satisfies Rule 9's particularity requirement because it sufficiently identifies the who, what, where, when, and how of the alleged fraud.  The Count identifies the parties, nature of the alleged fraud, and the approximate dates of its commission.  It incorporates the facts set forth above relating to ABW's solicitation of a business loan and Jalin's alleged representations in connection with the Loan Commitment Agreement.  This information sufficiently identifies the nature of the fraud to allow Jalin to respond quickly and sufficiently to these allegations.  Moreover, to the extent Jalin moves to dismiss the fraud claim for failure to state a claim, the Court will similarly deny that motion: these facts render Jalin's liability not merely possible but plausible. *Ashcroft*, 129 S. Ct. at 1949-50.

### B.      ABW's RICO Claim

Apparently requesting dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), Jalin argues that ABW's RICO claim is conclusory and fails to allege the requisite pattern of racketeering activity.  The Court will deny Jalin's motion.

The Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C.A. §§ 1961-1964 (2008), is "a unique cause of action that is concerned with eradicating organized, long-term, habitual criminal activity."  *Gamboa v. Velez*, 457 F.3d 703, 705 (7th Cir. 2006).  ABW alleges violations of 18 U.S.C. §§ 1961(1)(A) and (B) and 18 U.S.C.§ 1962(b).[4]  Section 1962(b) makes it unlawful for any person "through a pattern of racketeering activity . . . to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce."  18 U.S.C. § 1962(b).  Jalin appears to contest only ABW's allegation of the "pattern of racketeering activity."[5]  A "pattern of racketeering activity" requires the commission of at least two racketeering acts within a ten-year period.  18 U.S.C. § 1961(5); *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 236–37 (1989).

---

[4] Section 1961(1) defines "racketeering activity" as acts or threats relating to a host of activities, including acts indictable as wire fraud, the act alleged here.  18 U.S.C. § 1961(1)(B).

[5] Successfully pleading the elements of a civil RICO claim is a two-step process.  First, ABW must allege a violation of "criminal RICO" by pleading the following elements: "1) that the defendant; 2) through the commission of two or more predicate acts; 3) constituting a pattern; 4) of racketeering activity; 5) directly or indirectly invested in, or maintained an interest in or participated in; 6) an enterprise; 7) the activities of which affected interstate or foreign commerce." *Moss v. Morgan Stanley, Inc.,* 719 F.2d 5, 17 (2d Cir. 1983); *see also Brooks v. Bank of Boulder*, 891 F. Supp. 1469, 1476 (D. Colo. 1995) (enumerating eight elements). Second, ABW may invoke RICO's civil remedies by alleging injury to its business or property by reason of the 1962 violation.

The six paragraphs in ABW's Answer and Counterclaim that set forth its RICO claim are not elaborate. The counterclaim states that Jalin "engaged in a criminal enterprise," namely a "pattern and practice of racketeering activity across state lines, and a conspiracy to engage in racketeering activity involving numerous RICO predicate acts against [ABW]." (Am. Answer ¶¶ 34-39.) These paragraphs comprise little more than a formulaic recitation of the RICO elements. Paragraph 27 of the Amended Answer, however, incorporates the previously enumerated facts. The facts that are relevant to the "pattern of racketeering" requirement provide that Jalin appears to be involved with a similar fraud under the name of American Capital Holdings, and that Jalin used interstate wire facilities to receive ABW's Commitment Fee. (Am. Answer ¶¶ 12-20.) Because ABW **does** allege that Jalin has engaged in the same conduct under a different name in a different state, the Court will deny Jalin's motion to dismiss ABW's RICO counterclaim.[6]

## CONCLUSION

In conclusion, the Court will deny Jalin's motion because (1) Jalin waived its forum-selection-clause based right to contest venue in Minnesota by filing suit here; (2) taking the non-movant's allegations as true, the contract containing the forum

---

[6] ABW appears to allege only one instance of the use of interstate wire services in the service of the criminal enterprise, namely for the transmission of its Commitment Fee. Jalin did not put this fine a point on the basis of its ostensible 12(b)(6) motion, and the Court will not dismiss ABW's RICO counterclaim on this basis. Nonetheless, the allegation that Jalin is engaged in the same conduct under a different name in a different state, without alleging another instance of wire fraud, may be insufficient to prove a "pattern of racketeering activity," which requires at least two instances of "racketeering." *See* 18 U.S.C. § 1961(5); *H.J. Inc.*, 492 U.S. at 236–37. ABW's failure to allege at least two specific acts of racketeering may warrant dismissal on a summary judgment motion.

selection clause is unenforceable because it is "tainted by fraud;" (3) Jalin cannot object

to the Court's exercise of personal jurisdiction over Rhythm because it admits that

Rhythm is the real party in interest; and (4) ABW adequately alleges its claims under

Rules 9 and 12.

## ORDER

Based upon the foregoing, the submissions of the parties, the arguments of counsel

and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that Jalin Realty

Capital Advisors, LLC's motion to dismiss ABW's counterclaims [Docket No. 19] is

**DENIED**.


DATED:  March 12, 2012                          ____s/ John R. Tunheim____
at Minneapolis, Minnesota.                            JOHN R. TUNHEIM
                                                 United States District Judge