UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Jalin Realty Capital Advisors, LLC,

Plaintiff,

v.

A Better Wireless, NISP, LLC,

Defendant.

Court File No. 11-cv-165 (JRT/LIB)

**REPORT AND RECOMMENDATION**

---

This matter comes before the undersigned United States Magistrate Judge upon Defendant's Motion for Substitution Under Federal Rule of Civil Procedure 25(c) and to Lift Stay, [Docket No. 143], and upon referral from Chief Judge John R. Tunheim. (Order of Reference [Docket No. 147]). A hearing was held on April 11, 2017, after which the motion was taken under advisement. [Docket No. 150].

For the reasons discussed herein, the Court recommends that Defendant's Motion for Substitution Under Federal Rule of Civil Procedure 25(c) and to Lift Stay, [Docket No. 143], be **GRANTED**.

## I. BACKGROUNDS AND STATEMENT OF FACTS

Jalin Realty Capital Advisors, LLC, ("Jalin")[1] initiated the present case by filing its Complaint on January 21, 2011, alleging that A Better Wireless, NISP, LLC ("ABW") was a cybersquatter that created an illegal website purporting to provide information about the Jalin's business operations. (See, Compl. [Docket No. 1]). Plaintiff further alleged that ABW violated the Anticybersquatting Consumer Protection Act; that ABW engaged in false designation of

---

[1] Jalin Realty Capital Advisors, LLC, is the original Plaintiff in this matter; however, ABW's counterclaims are asserted against Rhythm Stone Media Group, LLC, d/b/a Jalin Realty Capital Advisors as the Counterclaim Defendant. (See, Order [Docket No. 30]). For ease of reference the Court refers to the Plaintiff/Counterclaim Defendant as Jalin.

origin, false description, and false representation in connection with the Jalin's name; that ABW engaged in false designation of origin, false description and false representation in connection with ABW's trade dress; that ABW used deceptive trade practices; that ABW intentionally interfered with Jalin's economic relations; that ABW engaged in defamation; and that ABW illegally appropriated the personal name and likeness of Jalin. (Id.)

On March 21, 2011, ABW filed its answer and affirmative defenses. (See, Answer [Docket No. 7]). Thereafter, ABW filed its First Amended Answer, [Docket No. 8], containing its affirmative defenses and counterclaims. (See, Amended Answer [Docket No. 8]). In its Amended Answer, ABW alleged counterclaims against Rhythm Stone Media Group ("Rhythm Stone"), who it alleged is the proper party in interest because Jalin is merely a registered trade name of Rhythm Stone. (Amended Answer, [Docket No. 8], at 12–13). The asserted claims against Rhythm Stone included breach of contract, misrepresentation and fraud, RICO violations, conversion, and unjust enrichment based on a fraudulent financing scheme. (Id. at 16–19).

On January 8, 2013, Chief Judge Tunheim issued an Order granting ABW's motion for summary judgment against all of Jalin's claims, granting ABW's motion for summary judgment on its breach of contract counterclaim, but denying ABW's motion for summary judgment as to its fraud counterclaim. (See, Order [Docket No. 91]).

On December 4, 2013, the parties filed a stipulation observing that the only remaining claims were ABW's counterclaims for fraud, RICO violations, conversion, and unjust enrichment, and indicating that—after settlement discussions between the parties—the parties had entered into a Settlement Agreement resolving those claims. (Stipulation [Docket No. 130]). That Stipulation requested the Court enter judgment pursuant to the Court's previous Summary Judgment ruling; dismiss ABW's counterclaims for fraud, RICO violations, conversions, and

unjust enrichment with prejudice; and retain jurisdiction over the present case for purposes of enforcing the Settlement Agreement. (Id.). That Stipulation also expressly reserved ABW's right to pursue any claim for attorney's fees. (Id.).

On December 6, 2013, Chief Judge Tunheim issued an Order, [Docket No. 132], regarding the parties Stipulation, [Docket No. 130], granting the requested relief. (Order [Docket No. 132]). On December 20, 2013, ABW filed a Motion for Attorney's Fees and Related Nontaxable Expenses, [Docket No. 134], seeking approximately $149,000 in attorney's fees plus fees and costs incurred in the present litigation.

However, on January 24, 2014, ABW and Jalin filed a further Stipulation regarding ABW's motion for attorney's fees. (Stipulation [Docket No. 138]). That Stipulation indicated that ABW was also pursuing reimbursement of its attorney's fees, cost, and expenses from its insurer; that ABW's claim for reimbursement from its insurer could significantly alter ABW's motion for attorney fees in the present case; and that the parties believed a stay of ABW's motion for attorney's fees pending resolution of ABW's claim for insurance coverage was in the best interest of judicial economy. (Id.).

On January 29, 2014, Chief Judge Tunheim issued an Order, [Docket No. 139], regarding the parties Stipulation, granting the requested relief, and thereby staying ABW's motion for attorney's fees. Judge Tunheim's Order specifically held that ABW's motion for attorney's fees "should be stayed pending resolution of ABW's claim against its insurer for reimbursement of its fees, costs and expenses incurred herein." (Id. at 2).

On July 22, 2014, ABW's filed a status letter pursuant to Chief Judge Tunheim's previous Order. (Status Letter [Docket No. 140]). That status letter provided that ABW remained

in negotiations with its insurer for reimbursement of its fees and cost incurred in the present litigation. (Id.). On that basis, the letter requested that the stay remain in place. (Id.).

On February 5, 2016, ABW filed its second status letter. (Status Letter [Docket No. 142]). That letter provided that in January 2015, ABW initiated insurance coverage litigation[2] in this District; that a dispositive motion involving a key insurance issue was heard on August 5, 2015; and that the dispositive motion remained under advisement. (Id.). On that basis, the letter again requested that the stay remain in place. (Id.).

ABW's insurance coverage litigation against its insurer, Hartford Financial Services Group ("Hartford"), resolved after a settlement was reached between ABW and Hartford. (Lafeber Declaration, [Docket No. 146], at ¶ 3). As part of that settlement agreement ABW assigned all of its rights to seek recovery of attorney's fees and related nontaxable expenses in the present case to Hartford. (Id.).

On January 6, 2017, ABW filed the present Motion to Substitute Party and Lift the Stay, [Docket No. 143], seeking to substitute Hartford in the place of ABW—as Defendant and Counterclaim Plaintiff—and to lift the current stay in the present case.

## II. DEFENDANT ABW'S MOTION FOR SUBSTITUTION AND TO LIFT THE STAY. [DOCKET NO. 143].

ABW's Motion for Substitution and to Lift Stay, [Docket No. 143], seeks an Order of this Court substituting Hartford as the Defendant and Counterclaim Plaintiff in the present case, as well as, an Order lifting the stay in the present case. (ABW's Mot. [Docket No. 143]). On April 10, 2017, Jalin filed a response to the present motion indicating that it had no objection to the present motion, and Jalin's counsel indicated on the record that Jalin does not object to the present motion. (April 11, 2017, Motions Hearing, Digital Recording at 10:20–10:22 a.m.).

[2] A Better Wireless, NISP, LLC v. Hartford Financial Services Group, Inc., No. 15-cv-116 (PJS/HB).

### A. Request for Substitution

The Court first addresses the portion of ABW's motion, [Docket No. 143], seeking an Order of this Court substituting Hartford as the Defendant and Counterclaim Plaintiff in the present case.

#### i. Standard of Review

Federal Rule of Civil Procedure 25(c) provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). The decision to grant or deny a Rule 25(c) motion is a matter within the district court's sound discretion. See, e.g., ELCA Enters., Inc. v. Sisco Equip. Rental & Sales, Inc., 53 F.3d 186, 190–91 (8th Cir. 1995) ("We review district court determinations regarding substitutions for an abuse of discretion."). Rule 25(c) substitution is a procedural device, which is not intended to affect the substantive rights of the involved parties; rather, substitution is "designed to allow an action to continue unabated when an interest in a lawsuit changes hands rather than requiring the initiation of an entirely new lawsuit." Id. (internal quotations omitted).

#### ii. Analysis

The primary basis for deciding a motion to substitute is whether substitution would "facilitate the conduct of the litigation." Comm'ns Imp. Exp., S.A. v. Republic of Congo, 118 F. Supp. 3d 220, 231 (D.D.C. 2015) (quoting Citibank v. Grupo Cupey, Inc., 382 F.3d 29, 32 (1st Cir. 2004)). This focus on "considerations of convenience and economy . . . prevails because Rule 25(c) has no bearing on the substantive relationship between the parties." Comm'ns Imp. Exp., 118 F. Supp. 3d at 231. Furthermore, Rule 25(c) places no time limit on a party seeking substitution. See, Fed. R. Civ. P. 25(c); see also, Columbian Bank & Trust Co. v. Miller, 384

Fed. App'x 524, 525 (8th Cir. 2010) (per curium) (unpublished) (providing that "the rule on its face does not restrict its application to pending cases" and "there is no precedent that established that the rule applies exclusively to pending litigation").

In the present case, the underlying claims dispute has been resolved but the case is still pending as the matter of ABW's Motion for Attorney's Fees, [Docket No. 134], remains. That Motion for Attorney's Fees, [Docket No. 134], has been stayed while ABW resolved its claim against its insurer, Hartford. ABW and Hartford have now resolved those claims in a confidential settlement agreement.

As part of that settlement agreement, ABW assigned all of its rights to seek recovery of attorney fees in the present case to Hartford. As evidence of that assignment, ABW has provided the declaration of Michael Lafeber, one of ABW's attorneys, as well as, the declaration of Ted Smith, one of Hartford's attorneys. (Declarations [Docket Nos. 145, 146]). Both attorneys declared under penalty of perjury that ABW had assigned all of its rights to seek recovery of attorney's fees and related nontaxable expense to Hartford Casualty Insurance Company. (Declarations [Docket Nos. 145, 146]). Furthermore, at the motions hearing, counsel for ABW attested that ABW's claim for fees had been assigned completely to Hartford, and ABW retained no interest in the currently pending motion for attorney's fees. (April 11, 2017, Motions Hearing, Digital Recording at 10:18–10:20 a.m.).

The Court finds Columbian Bank & Trust Co. instructive in the present case. 384 Fed. App'x 524 (8th Cir. 2010). In Columbian Bank & Trust Co., Columbian Bank and Trust Co. obtained summary judgment against the Miller defendants. However, on August 8, 2008, after summary judgment was entered the Kansas State Bank Commissioner closed Columbian Bank and named the Federal Deposit Insurance Corporation ("FDIC") as receiver. Id. On March 17,

2009, the Managing Member of MCK Partnership, LLC, signed a document labelled "Assignment" on behalf of the FDIC as receiver for Columbian Bank purporting to assign the FDIC's interest in the judgment against defendants to MCK. Id. In April 2009, MCK moved to substitute itself for Columbia Bank as party-plaintiff in that case based on the assignment of rights. Id. The Miller defendants argued that the assignment was invalid unless otherwise proven and that Rule 25(c) applies only to pending litigation. The District Court granted MCK's motion for substitution without an evidentiary hearing. The Miller defendants appealed. Id.

On appeal, the Eighth Circuit Court of Appeals affirmed the District Court's decision. The Court noted the assignment of rights had been properly demonstrated and that nothing restricted Rule 25(c) to only pending cases. That is to say, the Court allowed the substitution of parties in case where, similar to the present case, an assignment of rights occurred after the underlying claims dispute had been resolved but issues yet remained to be resolved in the case. See, Id.

As ABW retains no interest in the present case and Hartford has the sole interest in the present case, allowing substitution would facilitate the conduct of the remaining litigation. In other words, because Hartford now possesses all right to seek attorney's fees from Jalin and ABW's retains no interest in the present action, substitution is appropriate. See, e.g., Columbian Bank & Trust Co. v. Miller, 384 Fed. App'x 524, 525 (8th Cir. 2010). See, gen., in accord, United States of America v. Reserve Mining Co., 72-cv-19 (PAM/JSM), 2007 WL 2409608 (D. Minn. Aug. 20, 2007); Macan-Wightman v. Bajda, No. 5-cv-96309 (RLE), 1998 WL 333959, at *2–5 (D. Minn. March 26, 1998).

Accordingly, the undersigned recommends that to the extent ABW's Motion for Substitution and to Lift Stay, [Docket No. 143], seeks an Order of this Court substituting

Hartford as the Defendant and Counterclaim Plaintiff in the present action, the motion be **GRANTED**.[3]

**B. Request to Lift Stay**

ABW's Motion for Substitution and to Lift Stay, [Docket No. 143], also seeks an Order of this Court lifting the stay on ABW's Motion for Attorney's Fees. [Docket No. 134].

ABW filed its Motion for Attorney's Fees and Related Nontaxable Expenses, [Docket No. 134], on December 20, 2013, seeking approximately $149,000 in attorney's fees plus fees and costs incurred in the present litigation.

On January 24, 2014, ABW and Jalin filed a Stipulation regarding ABW's motion for attorney's fees. (Stipulation [Docket No. 138]). That Stipulation indicated that ABW was also pursuing reimbursement of its attorney's fees, cost, and expenses from its insurer; that ABW's claim for reimbursement from its insurer could significantly alter ABW's motion for attorney fees; and that the parties believed a stay of ABW's motion for attorney's fees pending resolution of ABW's claim for insurance coverage was in the best interest of judicial economy. (Id.).

On January 29, 2014, Chief Judge Tunheim issued an Order, [Docket No. 139], granting the parties' requested relief, and thereby staying ABW's motion for attorney's fees. Judge Tunheim's Order specifically held that ABW's motion for attorney's fees "should be stayed pending resolution of ABW's claim against its insurer for reimbursement of its fees, costs and expenses incurred herein." (Id. at 2).

ABW's insurance coverage litigation against its insurer, Hartford Financial Services Group ("Hartford"), resolved after a settlement was reached between ABW and Hartford.

[3] Upon adoption of the present Report and Recommendation, the undersigned further recommends that the caption of the present case be amended to reflect Hartford Financial Services Group as the Defendant and the Counterclaim Plaintiff, and upon that substitution of the parties, counsel for Hartford shall be required to file a notice of substitution of counsel of record pursuant to Local Rule 83.7(b).

(Lafeber Declaration, [Docket No. 146], at ¶ 3). As part of that settlement agreement ABW assigned all of its rights to seek recovery of attorney's fees and related nontaxable expenses in the present case to Hartford. (Id.).

As such, the condition precedent upon which the stay of ABW's Motion for Attorney's Fees and Related Nontaxable Expenses, [Docket No. 134], was based—the resolution of ABW's claim against Hartford for reimbursement of ABW's fees—has now passed. Accordingly, the undersigned recommends that the stay in the present case be lifted.

Therefore, the undersigned recommends that to the extent ABW's Motion for Substitution and to Lift Stay, [Docket No. 143], seeks an Order of this Court lifting the stay in the present action, the motion be **GRANTED**.[4]

## III. CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. ABW's Motion for Substitution and to Lift Stay, [Docket No. 143], be **GRANTED**, as set forth above.

Dated: April 18, 2016

s/Leo I. Brisbois
Leo I. Brisbois
United States Magistrate Judge

[4] The undersigned further recommends that upon adoption of the present Report and Recommendation, the parties be ordered to contact Chief Judge Tunheim's chambers to acquire a briefing schedule on the presently pending Motion for Attorney's Fees. [Docket No. 134].

## N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.