UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JALIN REALTY CAPITAL ADVISORS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>HARTFORD CASUALTY INSURANCE COMPANY, *as assignee of* A BETTER WIRELESS, NISP, LLC,<br><br>Defendant and Counter Claimant,<br><br>v.<br><br>RHYTHM STONE MEDIA GROUP LLC, *d/b/a* JALIN REALTY CAPITAL ADVISORS,<br><br>Counter Defendant. | Civil No. 11-165 (JRT/LIB)<br><br>**MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |

Anthony E. Patterson, **ANTHONY E. PATTERSON PC**, 310 Grant Street Suite 825, Pittsburgh, PA 15219, and Matthew L. Fling, 4018 West Sixty-Fifth Street Suite 100, Edina, MN 55435, for plaintiff and counter defendant.

Ted A. Smith, **BERGER KAHN**, 300 Tamal Plaza Suite 215, Corte Madera, CA 94925, for defendant/counter claimant.

Anthony E. Patterson and Matthew L. Fling ("Counsel") are counsel of record for Plaintiff Jalin Realty Capital Advisors, LLC, and Counter Defendant Rhythm Stone Media Group LLC (collectively "Jalin"). On July 28, 2017, Counsel moved to withdraw

without substitution.  (Mot. to Withdraw as Counsel R., July 28, 2017, Docket No. 160.) Defendant/Counter Claimant Hartford Casualty Insurance Company ("Hartford Insurance") responded that it opposed withdrawal "only if such withdrawal would interfere with moving ahead with Hartford's pending fee motion."  (Resp. to Mot. to Withdraw at 2, Aug. 1, 2017, Docket No. 166.)

After briefing and a hearing, United States Magistrate Judge Leo I. Brisbois issued a Report and Recommendation ("R&R") that the Court deny Counsel's motion, finding that Counsel failed to meet their burden to establish good cause to withdraw without substitution.  (R&R, Sept. 8, 2017, Docket No. 172.)  In response, Counsel filed objections and supplemental evidence and requested reconsideration of the R&R.  (Objs. to the Court's Am. R&R ("Objs."), Sept. 22, 2017, Docket No. 173.)  The Court will accept this new evidence, sustain Counsel's objections, and adopt in part and reject in part the R&R.

## DISCUSSION

Upon the filing of a report and recommendation by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1).  "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). "The district judge must determine de novo any part of the magistrate judge's disposition

that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).

Counsel do not object to the Magistrate Judge's discussion of the matter at issue or the standard of review. (R&R at 5-6.) Nor do they object to the Magistrate Judge's finding that Rhythm Stone's dissolution does not provide good cause for withdrawal. (R&R at 7.) Consequently, the Court will adopt those portions of the Report.

But Counsel do object to the Magistrate Judge's recommendation that their motion be denied. That recommendation was made due to the "sparse record" then available, on which Counsel "failed to meet their burden to establish good cause." (R&R at 8.) Specifically, the Magistrate Judge noted that Counsel asserted without evidence that Jalin had been notified of the motion to withdraw and that Jalin had not paid Counsel. (R&R at 6-7.) "[A]rgument of counsel is not evidence." (*Id.* (quoting *Smiley v. Gary Crossley Ford, Inc.*, 859 F.3d 545, 557 (8th Cir. 2017)).)

Counsel now seeks to resolve that shortcoming with a sworn declaration expressly stating that Counsel's scope of representation was fulfilled, that Counsel has not been paid, that Jalin has no intention of paying, that hardship would result from being required to stay on as counsel, and that Jalin has consented to withdrawal. (Decl. of Anthony E. Patterson ¶¶ 3-8, Sept. 25, 2017, Docket No. 174.) The Court "has discretion to receive new evidence without any special justification." *United States v. Hayden*, 759 F.3d 842, 846 (8th Cir. 2014). The Court exercises that discretion to consider this new evidence,

which properly establishes to the Court both the fact of notice to Jalin (as required by Local Rule 83.7(c)) and Jalin's refusal to pay.

As the Magistrate Judge explained, the District of Minnesota has adopted the Minnesota Rules of Professional Conduct, which provide that a lawyer may withdraw from a representation if "good cause for withdrawal exists." *Sanford v. Maid-Rite Corp.*, 816 F.3d 546, 549 (8th Cir. 2016) (quoting Minn. R. Prof'l Conduct 1.16(b)(7)). Withdrawal is presumptively appropriate when good cause exists and the client has been notified. *Id.* A client's refusal to pay provides good cause for withdrawal. *Id.* at 550 (citing *Brandon v. Blech*, 560 F.3d 536, 538 (6th Cir. 2009) ("[C]ompelling attorneys to continue representing clients who refuse to pay imposes a severe burden.").

This presumption may be disregarded if withdrawal would severely prejudice the client (for instance, if counsel waited "until the client is over a barrel") or third parties (for instance, if counsel waited until the eve of an imminent deadline). *Id.* (quoting *Fid. Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co.*, 310 F.3d 537, 540 (7th Cir. 2002)). But neither scenario is present here. Jalin has been notified and consented to withdrawal. And Hartford Casualty opposes it "only" if it "would interfere with moving ahead with Hartford's pending fee motion." Because a corporate entity cannot proceed pro se, some delay might result. On the other hand, Hartford Casualty would be entitled to default judgment if Jalin is unable to secure substitute counsel, which would "expedite the case, rather than delay it." *Id.* (citing *Erie Molded Plastics, Inc. v. Nogah, LLC*, 520 F. App'x 82, 85 (3d Cir. 2013); *Fid. Nat'l Title Ins. Co.*, 310 F.3d at 541. As such, in light of

- 5 -

Counsel's additional evidence and absent any countervailing prejudicial concerns, the Court will grant the motion to withdraw.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **SUSTAINS** Plaintiff's objections [Docket No. 173], and **REJECTS in part and ADOPTS in part** the Report and Recommendation of the Magistrate Judge [Docket No. 172]. The Court **REJECTS** the Magistrate Judge's Report and Recommendation to the extent it is inconsistent with this Order. The Court **ADOPTS** the Report and Recommendation in all other respects.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Withdraw as Attorney [Docket No. 160] is **GRANTED**.

DATED: November 8, 2017          _____s/John R. Tunheim_____
at Minneapolis, Minnesota.              JOHN R. TUNHEIM
                                         Chief Judge
                                 United States District Court